UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LELA GILBERT, et al.,

                 Plaintiffs,

vs.

SPIRIT AIRLINES, INC.,

                 Defendant.

Case No. 2:12-cv-00930-JCM-PAL

**AMENDED ORDER**[1]

(Mtn to Strike Expert Witness - Dkt. #40)

On October 10, 2013, the court held a hearing on Defendant Spirit Airlines, Inc's, Motion to Strike Plaintiffs' Designation of Expert Witness (Dkt. #40) filed September 10, 2013. Cal Potter was present on behalf of Plaintiffs Lela Gilbert's, Aundrea Gilbert, Rodrick Gilbert, and Jamii Gilbert. J. Christopher Jorgensen was present on behalf of Defendant Spirit Airlines. The court has considered the Motion, Plaintiffs' Response (Dkt. #44), Defendant's Reply (Dkt. #47), and the arguments of counsel.

## BACKGROUND

Plaintiffs filed their Complaint (Dkt. #1) on June 1, 2012. Defendant filed an Answer (Dkt. #23) on December 11, 2012. On January 25, 2013, the parties submitted a Proposed Discovery Plan and Scheduling Order (Dkt. #26), which the court approved in an Order (Dkt. #27) entered January 28, 2013. On April 11, 2013, the court entered an Order (Dkt. #30) granting the parties' stipulation to extension of deadlines contained in the original Scheduling Order. That Order extended the deadline for disclosing expert witnesses until July 15, 2013. On July 15, 2013, Plaintiffs disclosed the names of seven expert witnesses upon whom they intend to rely at trial. *See* Plaintiffs' Expert Disclosure, attached as Exhibit A to Motion to Strike. The disclosure did not comply with any of the requirements of Fed R. Civ. P 26(a)(2)(B). Defendant therefore seeks an order striking the designation.

---

[1] This order supersedes the Order (Dkt. #51) wherein the order denied, rather than granted, the motion to strike. No other changes have been made to the body of this order.

Plaintiffs oppose the motion acknowledging that the disclosure does not comply with Rule 26(a)(2)(B), and that Rule 37(c)(1) authorizes sanctions for failure to comply unless the failure to timely disclose is substantially justified or harmless. The response asks that the court extend the deadline for serving expert reports, and allow Plaintiffs 30 days from the hearing on this motion to serve expert reports. Plaintiffs argue that because the court recently granted the parties' stipulation to extend the discovery cut-off, and depositions are needed to provide the information the experts need to formulate their opinions, Defendant will not be prejudiced by late disclosure.

Defendant replies that Plaintiffs did not initiate any discovery in this case, and did not request an extension of the expert disclosure deadline until responding to this motion. Defendant timely disclosed its only expert and served a Rule 26 compliant report on the July 15, 2013 deadline. The depositions Plaintiffs response indicates are needed for their experts to prepare reports are all depositions noticed by the Defendant. The parties' stipulation to extend the discovery cutoff which the court approved, did not seek an extension of the deadline for disclosing experts. On July 17, 2013 counsel for Plaintiff requested a stipulation two days after the expert deadline, and only after counsel for Defendant requested a Rule 26 compliant expert disclosure. The same day, counsel for Defendant declined to stipulate to an extension of the expert disclosure deadline and advised counsel for Plaintiffs to file a motion with the court. Plaintiff did not do so, and therefore the failure to comply with Rule 26 and the court's discovery plan and scheduling order is neither substantially justified, nor harmless..

## DISCUSSION

Federal Rule of Civil Procedure 26 requires parties to disclose the identity of any person who may be used as an expert witness. Fed. R. Civ. P. 26(a)(2)(B). For each disclosed expert, Rule 26(a)(2)(B) requires that an expert witness disclosure be accompanied by a written report prepared and signed by the witness containing: (1) a complete statement of all opinions and the basis and reasons therefor; (2) the data or other information considered by the witness in forming the opinions; (3) any exhibits to be used as a summary of or support for the opinions; (4) the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; (5) the compensation to be paid for the study and testimony; and (6) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Fed. R. Civ.

P. 26(a)(2)(B). An expert's report must be "detailed and complete." *Elgas*, 179 F.R.D. at 300 (*quoting Sierra Club v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir. 1996)). Expert reports are required in order to eliminate unfair surprise to the opposing party and to conserve resources. *Elgas*, 179 F.R.D. at 299 (*quoting Reed v. Binder*, 165 F.R.D. 424, 429 (D.N.J. 1996)). In *Elgas*, the court struck the designation of an expert because his report did not list the cases in which he had testified as an expert. *Id.* at 300.

Fed. R. Civ. P. 37 authorizes sanctions for a party's failure to make disclosures or cooperate in discovery. Rule 37(c)(1) provides, in relevant part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1). Rule 37(a)(3) explicitly provides that an evasive or incomplete disclosure, answer, or response to a discovery obligation "is to be treated as a failure to disclose, answer, or respond."

A literal reading of Rule 37(a)(3) and (c)(1) compels the conclusion that an expert's trial testimony should be automatically excluded if a party fails to strictly comply with the requirements of Rule 26(a)(2)(B) unless the court finds that there was a substantial justification for the failure to make complete disclosure, or that the failure to disclose is harmless. *Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296 (D. Nev. 1998) (*citing Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 503 (D. Md. 1997)). In the Ninth Circuit, "[t]he district court is given broad discretion in supervising the pretrial phase of litigation." *Continental Lab.*, 195 F.R.D. 675, 677 (S.D. Cal. 2000) (*quoting Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)). If full compliance with Rule 26(a) is not made, Rule 37(c)(1) mandates some sanction, "the degree and severity of which are within the discretion of the trial judge." *Keener v. United States*, 181 F.R.D. 639, 641 (D. Mont. 1998).

The Ninth Circuit reviews a district court's decision to sanction for a violation of the discovery rules for abuse of discretion which gives "particularly wide latitude to a district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (*citing Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de*

*Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001)). The burden is on the party facing discovery sanctions under Rule 37(c)(1) to prove harmlessness. *Torres v. City of Los Angeles*, 548 F.3d 1197, 12123 (9th Cir. 2008) (*citing Yeti by Molly*, 259 F.3d at 1107). Exclusion of an expert's testimony for failure to comply with the requirements of Rule 26(a) is a sanction available to the trial court within its wide discretion under Rule 37(c)(1) even in the absence of a showing of bad faith or willfulness. *Yeti by Molly*, 259 F.3d at 1106.

During oral argument local counsel for Plaintiffs acknowledged that Plaintiffs had not conducted any discovery in this case, and did not ask for an extension of the deadline of the expert disclosure deadline until after the deadline has expired. Counsel for Plaintiffs could not dispute that out of state counsel was told on July 17, 2013 that he would have to apply to the court for an extension. He could not explain why out of state counsel took no action to seek relief from the court until responding to the motion to strike on September 27, 2013. He did not know when the experts were retained, and could not address why the discovery out of state counsel indicates is necessary for the experts to provide opinions was not initiated. Rather, he argued that this case should be decided on the merits and that Defendant would not be prejudiced by an extension.

The court heartily endorses the principle that cases should be decided on their merits. However, in this case Plaintiffs' counsel did absolutely nothing to pursue any discovery at all within the initial discovery plan and scheduling order deadlines. Plaintiffs have still not initiated any discovery. Counsel did not request a stipulation extending the deadline to disclose experts from opposing counsel until after the expiration of the deadline when defense counsel called seeking Rule 26 complaint disclosures. Counsel for Plaintiffs stipulated to an extension of the discovery cutoff but did not request an extension of the deadline to disclose experts. Plaintiffs' counsel did not file a request for relief from the court when told defense counsel would not stipulate to an extension after the expiration of the deadline. Plaintiffs did not even address the issue until responding to the motion to strike, two and a half months later. Defendant timely disclosed its only expert and served a Rule 26(a)(2)(B) compliant report. Rule 26 and LR26-1(e) require simultaneous exchanges of expert disclosures to put each side on equal footing and to prevent one side from receiving a strategic advantage by waiting to disclose until after receiving the opposing party's disclosure.

This is not a complex case. Plaintiffs are the adult children of decedent Joanne Gilbert who had a cardiac arrest on an airplane from Detroit, Michigan to Las Vegas, Nevada on December 14, 2011. Plaintiffs allege CPR was administered but the defendant did not have access to or use an automated external defibrillator ("AED") during the flight, which breached its duty of care, and was the actual and proximate cause of the decedent's death. Plaintiffs have asserted claims for negligence, negligence per se, and wrongful death.

Defendant claims that there was an AED onboard, and it was brought to assist in Ms Gilbert's cardiac arrest, however, she was not shocked because she was in an "unshockable rhythm". Defendant asserts the plane made an emergency landing in Omaha and responding emergency personnel from the Omaha Fire Department also concluded Ms Gilbert could not be shocked with the AED because of her condition. Plaintiffs' theory of the case hinges on allegations there was no AED onboard and that Defendant breached a duty of care by not having or using an AED when the decedent went into cardiac arrest. The experts Plaintiffs identified in their disclosure include aviation and air safety experts as well as pathology, cardiology, psychology and psychiatry experts.

Because of heavy case loads, trial courts enter scheduling orders "to establish deadlines to foster the efficient treatment and resolution of cases." *Wong v. Regents of the University of California*, 410 F.3d 1052, 1060 (9th Cir. 2005). A trial court's case management efforts "will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines." *Id.* at 1061. Failure to comply with scheduling order deadlines "may properly support severe sanctions and the exclusion of evidence." *Id.* Rule 16(f) authorizes the trial court on motion, or *sua sponte*, to impose any of the sanctions authorized by Rule 37(b)(2)(A)(ii-vii) for a party's failure to obey a scheduling order or other pretrial order. Courts establish discovery plans and scheduling orders "to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." *Id.* at 1062. The Ninth Circuit has recognized that disruption of the court's discovery plan and scheduling order "is not harmless." *Id.*

The court has the authority to modify a pretrial schedule if the schedule cannot be met despite the diligence of the party seeking the extension. Fed. R. Civ. P. 16 Advisory Committee Notes (1983) Amendment. A request to modify a discovery plan and scheduling order deadline before the expiration

5

of the deadline may be modified upon a showing of good cause. Good cause means scheduling deadlines cannot be met despite the parties' diligence. However, the Ninth Circuit has held that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th. Cir. 1992). Additionally, "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reason for seeking modification." *Id.* If a party has not been diligent "the inquiry should end." *Id.*

In this case, Plaintiffs requested a stipulation extending the deadline to designate experts two days after the expiration of the deadline. When told Defendant would not stipulate Plaintiffs did not seek relief from the court, or even raise the issue until responding to the motion to strike two and a half months later. An application to extend a deadline that has expired must establish excusable neglect. Fed. R. Civ. P. 6(b), and LR 6-1(b)..

The court finds that Plaintiffs have not established good cause, let alone excusable neglect, for failing to conduct any discovery at all needed to comply with the expert disclosure deadline. Plaintiffs have not offered any reason for their failure to initiate the discovery needed for their experts to provide opinions. Plaintiffs have not shown that they exercised diligence in prosecuting their claims or that they made any attempt to comply with the court's discovery plan and scheduling order. Plaintiffs have not explained why the depositions that the Defendant noticed are needed for their experts to provide opinions. Presumably, Plaintiffs retained experts in pathology and cardiology to offer opinions about the decedent's medical condition, cause of death, and appropriate treatment of a patient presenting with cardiac arrest. This is all information Plaintiffs' counsel should have access to, even in the absence of formal discovery . Similarly, a psychiatry expert is generally retained to provide opinions about the Plaintiffs' emotional distress stemming from the loss of their loved one. This is also information uniquely available to the Plaintiffs. Plaintiffs completely disregarded the scheduling order until after Defendant moved to strike the disclosure which only identified the names of the experts.

The court also finds that Plaintiffs' failure to comply with Rule 26(a)(2)(B) and the expert disclosure deadline is neither substantially justified nor harmless. Defendant timely disclosed its lone expert and Plaintiffs have now had Defendant's expert report for nearly three months. Granting

Plaintiffs' request to extend the expert disclosure deadline until thirty days after the hearing would completely disrupt the court's discovery plan and scheduling order deadlines and necessitate an additional extension of the already extended deadlines. It would also require the Defendant to expend time and resources to evaluate whether rebuttal experts were required, and if so, to retain rebuttal experts, serve rebuttal expert reports, take the depositions of Plaintiffs' 7 experts, and potentially seek independent medical evaluations of the Plaintiffs related to psychiatric damages opinions. Moreover, given the lack of any discovery Plaintiffs have initiated to date, the court is not persuaded Plaintiffs' experts will be prepared to serve Rule 26(a)(2)(B) compliant expert disclosures even if the extension was granted.

For these reasons,

**IT IS ORDERED** that the Motion to Strike Plaintiffs' Designation of Expert Witnesses (Dkt. #40) is **GRANTED**.

Dated this 17th day of October, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE