# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| LELA GILBERT, et al., | 2:12-CV-930 JCM (PAL) |
| --- | --- |
| Plaintiff(s), | |
| v. | |
| SPIRIT AIRLINES, INC., et al., | |
| Defendant(s). | |

### ORDER

Presently before the court is defendant Spirit Airlines Inc.'s ("Spirit") motion for summary judgment. (Doc. # 41). Plaintiffs filed a response in opposition (doc. # 48), and Spirit filed a reply (doc. # 54).

**I.   Background**

In the instant action, plaintiffs Lela, Aundrea, Rodrick, and Jamii Gilbert seek to recover damages based on injuries allegedly caused by Spirit's conduct prior to the death of their mother Joan Gilbert ("decedent").

On December 14, 2011, decedent was a passenger on a Spirit flight from Detroit, Michigan to Las Vegas, Nevada. While the flight was en route, decedent suffered cardiac arrest and lost consciousness. Decedent was immediately attended to by Spirit staff as well as three nurses who happened to be passengers on the flight. The nurses employed an AED machine, but did not administer a shock because the machine indicated decedent's heart was in an unshockable rhythm.

**James C. Mahan**
**U.S. District Judge**

1  The nurses administered CPR until the plane made an emergency landing in Omaha, Nebraska.

2  After the plane landed, decedent was attended to by paramedics from the Omaha Fire Department. These paramedics did not administer a shock, as they determined that decedent's heart was in an unshockable rhythm. Decedent was rushed to the Creighton University Medical Center, where she was later pronounced dead.

Plaintiffs bring claims for negligence, wrongful death based on negligence, negligent entrustment, and negligent infliction of emotional distress, all based on their initial presumption that Spirit did not provide an AED machine to resuscitate decedent on the plane.

## II.    Legal Standard

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the

nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To demonstrate the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.   Analysis**

Spirit's motion for summary judgment is extremely straightforward. Spirit argues because all of plaintiffs' claims rely upon the presumption that no AED machine was provided, and it has since been revealed by overwhelming evidence that an AED machine was not only provided, but used in the attempt to resuscitate decedent,[1] that summary judgment is appropriate as to all of plaintiffs' claims.

---

[1] Two of the passengers that assisted decedent while on the flight, Ms. Sarah Peters and Ms. Jenny Erwin, provided extensive deposition testimony detailing their use of the AED machine. (*See, e.g.*, doc. # 41 pp. 18, 21).

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  In response, plaintiffs acknowledge it is now clear that there was an AED aboard the flight that was used on decedent. (Doc. # 48 p. 2). Plaintiffs also raise vague allegations regarding a faulty oxygen tank aboard the plane that has not been mentioned at any prior stage in the litigation. Plaintiffs state that they intend to file a motion to amend their complaint to alter the entire theory of their claims to focus on the oxygen tank rather than the AED. Though the deadline for amendments as well as the discovery deadline have long passed, plaintiffs have not attempted to file an amended complaint.

Despite plaintiffs' audacious attempt to shift the entire focus of their case at the summary judgment stage, the court considers only the claims actually appearing in the complaint and cannot give any regard to nebulous factual assertions brought up at the eleventh hour. All of plaintiffs' claims in this matter depend upon the contention that there was not an AED machine on the Spirit flight–which has been proven false. Thus, plaintiffs have failed to provide evidence showing that Spirit breached a duty owed to decedent, and the court will grant Spirit's motion for summary judgment.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Spirit Airlines Inc.'s motion for summary judgment (doc. # 41) be, and at the same time hereby is, GRANTED. The clerk shall enter judgment accordingly and close the case.

DATED April 1, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -